United States District Court
Eastern District of New York

-----------------------------------------------------------------x

CHRISTIAN KILLORAN, on behalf of his son,
AIDEN KILLORAN,

    Plaintiff,

- against –

WESTHAMPTON BEACH SCHOOL DISTRICT,

    Defendant.

-----------------------------------------------------------------x

Index #:

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 27 2022 ★
LONG ISLAND OFFICE

CV 22 5770

SEYBERT, J.

DUNST, M.J.

## Verified Complaint

1.     The plaintiff is a disabled person, born with Down Syndrome.

2.     As a disabled person, the plaintiff is protected by the Individuals With Disabilities Education Act (IDEA).

3.     The defendant is a public school district.

4.     The plaintiff is an enrolled student within the defendant school district.

*Procedural History of Case*

5.     The plaintiff commenced an administrative due process complaint against the defendant school district, pursuant to the rights afforded by the IDEA, as well as 8 NYCRR 200.5.

6.     Specifically, in this regard, the plaintiff alleged that the defendant school district had violated his rights to a free and appropriate education (FAPE), in violation of the IDEA, by changing the terms of his educational "pendency" arrangement and placement, therein resulting in an educational deprivation.

7.     In further specificity, the plaintiff alleged that the defendant school district had unilaterally changed the terms of his "pendency" arrangement and placement by changing the

1

"nature" and "content" of his "special instruction", which had historically been utilized for the exclusive purpose of facilitating "after-school academic support instruction".

8. The New York State Education Department assigned the administrative "Impartial Hearing Officer (IHO)", Jeffrey Schiro, to preside over the adjudication of the plaintiff's administrative complaint.

9. Prior to the convention of a due process hearing, IHO Schiro dismissed the plaintiff's administrative due process complaint.

10. In response to IHO Schiro's decision, the plaintiff commenced an administrative appeal to the New York State Education Department's "Office of State Review".

11. The plaintiff's administrative appeal consisted of a "Notice of Intention to Seek Review", a "Notice of Review", and a ten (10) page "Request for Review".

12. The plaintiff respectfully submits that his administrative appeal was submitted in due accord with all necessary filing regulations and requirements.[1]

13. The New York State Department of Education assigned the administrative "State Review Officer (SRO)", Carol Haugue, to preside over the adjudication of the plaintiff's administrative appeal.

14. Notably, SRO Haugue had previously adjudicated over at least two of the plaintiff's prior administrative appeals concerning the defendant school district.[2]

15. SRO Hauge upheld IHO Schiro's dismissal of the plaintiff's complaint.

---

[1] The administrative record contains the plaintiff's administrative appeal. Accordingly, the Court can easily analyze the plaintiff's submission in order to determine whether the procedural and regulatory requirements were duly satisfied.

[2] The plaintiff and the defendant school district have a long history of litigation stemming from 2015, wherein the defendant school district refused to enroll the complainant as a student. As the Court is very familiar with the plaintiff's ongoing legal battle with the defendant school district, the plaintiff has refrained from reciting a lengthy history herein. In any event, the plaintiff submits that SRO Haugue is somewhat biased, in light of her history with the plaintiff's case.

16. In light of the foregoing, the plaintiff respectfully submits that the subject cause of action has been "administratively exhausted".

17. The relevant administrative records may be procured for the Court's review, pursuant to a request to the "Office of State Review".

18. 8 NYCRR 200.5 allows for an aggrieved party to seek federal appellate review of an administrative SRO decision.

19. Accordingly, the plaintiff seeks this Court's federal appellate review regarding the propriety of IHO Schiro's and SRO Hauge's collective administrative decisions.

*Cause of Action: Substantive and Procedural Violations of the IDEA*

20. The plaintiff submits that IHO Schiro erred in number of ways.

21. First, as a foundational point, the plaintiff respectfully submits that IHO Schiro erred by not affording the plaintiff with the opportunity to set forth a direct affirmative case, even after soliciting direct evidence from the defendant school district.

22. Second, the plaintiff respectfully submits that IHO Schiro erred by holding that the "nature" and "content" of the plaintiff's "pendency" arrangement and placement was "bi-laterally" changed and agreed to within the context of an October 2018 "Committee on Special Education (CSE).

23. Third, the plaintiff respectfully submits that IHO Schiro erred by holding that a certain "Pendency Agreement", forged in May 2019, allowed for the conversion of the plaintiff's "special instruction" to include "transitional instruction" because it did not specifically state that "transitional instruction" was not supposed to be part and parcel of such "special instruction".

24. Fourth, the plaintiff respectfully submits that IHO Schiro erred by holding that the plaintiff's "operative pendency placement" included "transitional instruction" implemented within the contours of his "special instruction".

25. Fifth, the plaintiff respectfully submits that IHO Shiro erred by holding that the defendant school district did not unilaterally modify the plaintiff's "pendency" arrangement and placement.

26. Sixth, the plaintiff respectfully submits that IHO Schior erred by holding that the defendant school district was allowed to change the "nature" and "content" of the plaintiff's "pendency" arrangement and placement.

27. Seventh, the plaintiff respectfully submits that the IHO Schiro erred by not recognizing the genuine reason and motive behind the defendant school district's unilateral change of "pendency", which was to abide by its requirement to facilitate "transitional instruction" as an "evolved" component and necessary ingredient of the plaintiff's FAPE, and as mandated by a prior administrative order issued by IHO Roslyn Roth.

28. As previously stated herein, in addition to IHO Schiro's errors, the plaintiff also contends that SRO Haugue erred.

29. First, in this regard, the plaintiff respectfully submits that SRO Haugue erred by adopting and/or blessing all of IHO Schiro's errors.

30. Second, the plaintiff respectfully submits that SRO Haugue erred by holding that the plaintiff had violated statutory pleading requirements within his appeal.

31. The plaintiff submits that his rights, as protected by the IDEA, were violated because IHO failed to allow the plaintiff with the opportunity to set forth an affirmative direct case.

32. The plaintiff additionally submits that his rights, as protected by the IDEA, were violated because the terms of his "pendency agreement" mandated that the "nature" and "content" of his

"special instruction" was exclusively designed to ensure the facilitation of "after-school supplementary academic support instruction" – a dynamic that became unavoidably compromised by the defendant school district's unilateral decision to change the "nature" and "content" of such instruction to include "transitional instruction", but only at the expense of eliminating and/or subtracting the time afforded to the facilitation of "after-school supplementary academic support".

33. The plaintiff respectfully submits that no "deference" is due to the administrative decisions of IHO Schiro and SRO Haugue because they violate the jurisprudence relevant to the the IDEA's "stay-put pendency" clause, as well as the provision of a FAPE.

34. The plaintiff respectfully submits that he has suffered an educational deprivation pursuant to the defendant school district's unilateral change of "pendency".

**WHEREFORE**, the plaintiff respectfully requests the Court to overturn the collective administrative decisions of IHO Schiro and SRO Hauge, by issuing a decision holding that the defendant school district violated the terms of "pendency" by unilaterally changing the same. In consequence thereof, the plaintiff seeks an "order" compelling the defendant school district to restore the "nature" and "content" of the plaintiff's "special instruction" to include the exclusive provision of "after-school supplementary academic support", and for the Court to include a directive for the provision of any necessary "transitional instruction" to be implemented in another manner. In accord with such "decision" and "order", the plaintiff seeks compensatory education for the period of time in which his academic instruction has been compromised. Alternatively, the plaintiff seeks an "order" remanding the plaintiff's administrative complaint back to IHO Schiro, for purposes of affording the plaintiff with the opportunity to introduce direct evidence in support of his administrative claims.

Date: 9/27/22

x. _____
Christian Killoran, on behalf of his son,
Aiden Killoran, Plaintiff

## VERIFICATION

STATE OF NEW YORK   )
                    ) ss:
COUNTY OF SUFFOLK   )

CHRISTIAN KILLORAN, being duly sworn, deposes and says that he is the Complainant in the instant action and has read the foregoing COMPLAINT; deponent knows its content and knows that it is true to the best of deponent's knowledge, except as to those matters stated to be upon information and belief, and as to those matters' deponent believes them to be true.

_____
CHRISTIAN KILLORAN

Sworn to before me this
27th day of September, 2022.

_____
NOTARY PUBLIC

ANDREA SICILIANO
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01SI6044574
Qualified in Suffolk County
Commission Expires July 10, 2026